IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noelle Susanne Widder,<br><br>            Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>           Respondents. | No. CV-14-0739-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

      On April 9, 2014, Noelle Susanne Widder ("Petitioner") filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).  On September 30, 2014, Respondents filed their Answer (Doc. 15).  Petitioner did not file a Reply.  The matter is deemed ripe for consideration.[1]

      Petitioner raises four grounds for habeas relief in the Petition.  The undersigned finds that the Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.[2]  It is therefore recommended that the Petition be denied and dismissed with prejudice.

---

[1] The case was reassigned to U.S. Magistrate Judge Eileen S. Willett on November 14, 2014.

[2] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

# I. BACKGROUND

## A. Convictions and Sentences

On April 24, 2007, Petitioner entered into a plea agreement in which Petitioner pled guilty to two counts of sexual assault (a class 2 felony) and two counts of attempted sexual assault (a class 3 felony). (Doc. 15-1 at 33-36). The trial court accepted Petitioner's guilty pleas. (*Id.* at 39). On June 15, 2007, the trial court sentenced Petitioner to a fourteen-year term of incarceration for each of the two sexual assault convictions. (*Id.* at 57). The court ordered the fourteen-year terms to be served consecutively. For the two attempted sexual assault counts, the trial court sentenced Petitioner to lifetime probation. (*Id.*).

On June 18, 2007, the trial court issued an order correcting the June 15, 2007 sentencing order. (*Id.* at 62-63). The court explained that it "wanted to grant [Petitioner] a slightly less sentence" than Petitioner's co-defendant and "was caught up in the heat of the moment and neglected to make its intentions known at the time of sentencing. It compounded the error when it signed . . . the sentencing Order later in the day without catching its error." (*Id.*). The court changed the sentence for one of the sexual assault convictions (Count 5) from fourteen years to "10-years aggravated and flat . . . to be served after the 14-year flat sentence" for the other sexual assault conviction (Count 2). (*Id.* at 63). The order explained that "[t]he court assumes it has authority to correct its Orders on the basis of a clerical error or some other inherent power in order to do justice. If the parties are of the view [Petitioner] should be re-sentenced or that the court has no authority, it should be briefed . . . ." (*Id.* at 63).

On June 21, 2007, the State filed a "Motion to Set Aside Modified Sentence; Motion to Vacate June 18, 2007 Order." (*Id.* at 65-71). The trial court held a resentencing hearing on July 13, 2007. (*Id.* at 73-74). The trial court ruled that its June 18, 2007 modified sentencing order was "illegal and that the correct sentence is 28 flat years as set forth in the court's original Order of 06-15-2007." (*Id.* at 76).

### B. Post-Conviction Relief

On August 20, 2007, Petitioner filed a notice of post-conviction relief ("PCR") (the "First Of-Right PCR Notice"). (*Id*. at 97). The trial court appointed PCR counsel, who filed a PCR petition on July 21, 2008. (*Id*. at 111, 114). After briefing and oral argument, the trial court granted the PCR petition. (*Id*. at 160). The trial court found that Petitioner's "trial counsel was inadequate (in addition to inadequate judge) . . . by agreeing with the state's position that this court had no legal basis for setting aside the 6/15/2007 sentencing Order and substituting . . . the corrected 6/18/2007 sentencing Order." (*Id*.). The court explained that trial counsel should have argued on Petitioner's behalf the "contrary line of authority to the cases relied on by the state" at the July 13, 2007 resentencing hearing. (*Id*.). On August 28, 2009, the trial court held a second resentencing hearing. (Doc. 15-2 at 2-7). The trial court vacated its June 15, 2007, June 18, 2007, and July 13, 2007 orders and sentenced Petitioner to twelve "flat" years of incarceration for each of the two sexual assault counts (for a total of twenty-four "flat" years) and lifetime probation for each of the two attempted sexual assault counts. (*Id*. at 3-5). After the August 2009 resentencing hearing, Petitioner filed a number of PCR petitions that are discussed in Section III(A)(2).

## II.  FEDERAL HABEAS LAW

### A. Antiterrorism and Effective Death Penalty Act of 1996

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> 1. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> 2. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> 3. The date on which the right asserted was initially

>recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
>4. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling. Statutory tolling is available under AEDPA, which provides that the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### III.  ANALYSIS OF THE PETITION

#### A.  The Petition is Time-Barred by AEDPA

##### 1.  The Statute of Limitations Commenced on December 15, 2011

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  For purposes of the limitations period, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment."  *Burton v. Stewart*, 549 U.S 147, 156 (2007) (internal quotation marks and citation omitted); *see also Ferreira v. Secretary, Dept. of Corrections,* 494 F.3d 1286 (11th Cir. 2007) (holding that for purposes of AEDPA's statute of limitations, a petitioner's resentencing judgment is the relevant one, even if the habeas petition is directed only to earlier conviction).

Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing.  But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal.  See ARIZ.REV.STAT. § 13–4033(B).  A plea-convicted defendant, however, is entitled to a Rule 32 of-right proceeding.  *See* Ariz. R. Crim. P. 32.1 and 32.4.  If a trial court resentences a plea-convicted defendant, review of the resentencing is also a Rule 32 of-right proceeding. *State v. Cleere*, 138 P.3d 1181, 1184 n.2 (Ariz. Ct. App. 2006) ("Although this review relates to Cleere's second Rule 32 petition, that petition was "of right" because it followed a conviction pursuant to a plea agreement and the trial court's resentencing. *See* Ariz. R. Crim. P. 32.1.").

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A).  *See Summers v. Schriro,* 481 F.3d 710, 711, 716–17 (9th Cir. 2007).  The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words."  *Summers,* 481 F.3d at 717.

Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

Here, Petitioner was originally sentenced on June 15, 2007. (Doc. 15-1 at 57). On August 20, 2007, Petitioner filed the First Of-Right PCR Notice. (*Id.* at 97). The trial court granted relief by setting a resentencing hearing. (*Id.* at 160). At the resentencing hearing on August 28, 2009, the trial court vacated its June 15, 2007 sentencing judgment and entered a new sentencing judgment. (Doc. 15-2 at 3-6). Under *Cleere*, Petitioner was entitled to a Rule 32 of-right proceeding regarding the resentencing.

On October 9, 2009, Petitioner, through counsel, filed a second PCR notice (the "Second Of-Right PCR Notice").[3] (*Id.* at 9-10). On November 9, 2011, the trial court filed an order denying relief.[4] (*Id.* at 48-50). Petitioner had 35 days from November 9, 2011 (or until December 14, 2011) to petition the Arizona Court of Appeals for review of the trial court's order. Ariz. R. Crim. P. 32.9(c), 1.3(a); *State v. Zuniga*, 786 P.2d 956, 957 (Ariz. 1990); *State v. Savage*, 573 P.2d 1388, 1389 (1978). Petitioner did not file a petition for review. Therefore, the one-year statute of limitations began running on December 15, 2011.[5] *Summers,* 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641,

---

[3] Although the trial court's November 9, 2011 order stated that the PCR claims are "barred as they should have been presented in the first Rule 32 proceeding and for the other reasons stated by the state with respect to an untimely filing of a petition for post-conviction relief," later orders issued by the court held that the Second Of-Right PCR Notice was timely filed. (Doc. 15-2 at 49, 74, 92); *see also* Ariz. R. Crim. P. 32.4 (in a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence).

[4] The trial court entered the order on November 7, 2011. The record does not indicate that Petitioner had been given notice on the date of issuance (e.g. by being present during an in-court ruling). As it does not affect the outcome, the November 9, 2011 filing date is used for purposes of this Report and Recommendation.

[5] Respondents argue that for purposes of AEDPA's statute of limitations, Petitioner's convictions became final on October 2, 2009, which is 35 days after the trial court signed the August 28, 2009 sentencing judgment (the order, however, was not filed until September 1, 2009). Petitioner's original June 15, 2007 sentencing judgment was vacated and replaced with the August 28, 2009 sentencing judgment. In light of (i) Petitioner's timely filed PCR notice following resentencing; (ii) Arizona case law providing that a plea-convicted defendant is entitled to a Rule 32 of-right proceeding following resentencing; and (iii) the Ninth Circuit's instruction that a Rule 32 of-right

- 6 -

654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations). Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on December 14, 2012.[6] This means the Petition filed on April 9, 2014 is untimely by 481 days.

### 2. Statutory Tolling

A statutory tolling analysis under AEDPA begins by determining whether the collateral review petition was "properly filed." This is because statutory tolling does not apply to collateral review petitions that are not "properly filed." *Pace v. DiGuiglielmo*, 544 U.S. 408 (2005); 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling). This includes compliance with filing deadlines. An untimely state collateral review petition is not "properly filed." *Pace,* 544 U.S. at 417 (holding that "time limits, *no matter their form,* are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely).

If the collateral review petition was "properly filed," then the Court must

---

proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A), the undersigned rejects Respondents' argument. *See Cleere*, 138 P.3d at 1184 n.2; *Summers*, 481 F.3d at 711, 716-17. If the Court chooses to adopt Respondents' argument, it would not affect the undersigned's ultimate conclusion that the Petition is time-barred.

[6] As 2012 was a leap year, the limitations period amounted to 366 days instead of 365. *See United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir.1993) ("year" under federal rules includes 366 days during leap year, not 365 days); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), *cert. denied,* 521 U.S. 878 (2000) (calculating the 1–year period using the "anniversary method" rather than the "calendar-year method" even during a leap year.).

- 7 -

determine the dates it was "pending." In Arizona, a PCR petition becomes "pending" as soon as the notice of PCR is filed. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

### i. Third PCR Notice

On January 26, 2012, Petitioner filed her third PCR notice (the "Third PCR Notice"). (Doc. 15-2 at 52). Petitioner sought to be eligible for clemency pursuant to A.R.S. § 13-603(L). (*Id*. at 54). In its minute entry filed on February 6, 2012, the trial court explained that it had "no intention of allowing [Petitioner] to pursue relief pursuant to A.R.S. § 13-603(L) once the Court was able to reduce [Petitioner's] sentence. More importantly for these proceedings though is the fact that [Petitioner] has not stated a claim that is cognizable as a claim for post-conviction relief." (*Id*. at 58-59). The trial court dismissed the Third PCR Notice without explicitly ruling on its timeliness. (*Id*. at 59). Yet by holding that the Third PCR Notice failed to present a cognizable claim, the trial court implicitly held that the Third PCR Notice did not fit within one of the exceptions provided in Rule 32.2(b) of the Arizona Rules of Criminal Procedure that allow an untimely PCR petition to proceed. *See Evans*, 546 U.S. at 198 (on habeas review, "the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness"). Accordingly, the undersigned finds that the Third PCR Notice was not properly filed. *Pace*, 544 U.S. at 417. Even if the Third PCR Notice was properly filed, the brief tolling of the statute of limitations would still render the Petition untimely.[7]

---

[7] Section III(A)(4) below explains that the Petition was filed 481 days late.

### ii. Fourth PCR Notice

On March 22, 2012, Petitioner filed her fourth PCR notice (the "Fourth PCR Notice"). (Doc. 15-2 at 61). The trial court denied the Fourth PCR Notice on April 3, 2012. (*Id.* at 73-75). The trial court found that Petitioner "fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding." (*Id.* at 75). As the trial court deemed the Fourth PCR Notice untimely, it was not properly filed and had no statutory tolling effect. *Pace*, 544 U.S. at 417.

### iii. Fifth PCR Notice

On April 23, 2012, Petitioner filed a fifth PCR notice (the "Fifth PCR Notice") in which Petitioner reasserted the claims made in the Second Of-Right Notice and Fourth PCR Notice. (*Id.* at 77). The trial court dismissed the Fifth PCR Notice on May 2, 2012 as it failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding. (*Id.* at 93). Petitioner filed a petition for review in the Arizona Court of Appeals. (*Id.* at 95-101). The Court of Appeals denied relief. (*Id.* at 109-11). The Fifth PCR Notice did not toll the statute of limitations as its untimeliness rendered it not properly filed. *Pace*, 544 U.S. at 417.

### iv. Sixth PCR Notice

Petitioner filed her sixth and final PCR petition on September 19, 2013 (the "Sixth PCR Notice"). (*Id.* at 117). The statute of limitations, however, had expired on December 15, 2012. Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, the trial court denied the Sixth PCR Notice as "it is both untimely and successive." (*Id.* at 126). Therefore, the Sixth PCR Notice was not properly filed and had no tolling effect even if the statute of limitations had not yet expired at the time of filing.

### 3. Equitable Tolling

Regarding equitable tolling, Petitioner has the burden to show that extraordinary circumstances beyond the Petitioner's control made it impossible for her to file a timely

federal petition. *Roy*, 465 F.3d at 969; *Gibbs*, 767 F.3d at 888 n.8. A petitioner's pro se status, on its own, is not enough to warrant equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005). In addition, a petitioner's miscalculation of when the limitations period expired does not constitute an "extraordinary circumstance" warranting equitable tolling.[8] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Alexander v. Schiro*, 213 F. App'x 972, 976 (9th Cir. 2009) ("Ultimately [the petitioner] made an incorrect interpretation of the statute and miscalculated the limitations period. This does not amount to an 'extraordinary circumstance' warranting equitable tolling."). As Petitioner has not met her burden of showing that extraordinary circumstances made it impossible for her to file a timely federal petition, equitable tolling is therefore unavailable.

### 4. The Statute of Limitations Expired on December 14, 2012, Meaning the Petition is 481 Days Late

To summarize the preceding sections, AEDPA's statute of limitations began running on December 15, 2011. The PCR petitions filed after the Second Of-Right PCR Notice were not "properly filed" and did not toll the statute of limitations. Accordingly, the statute of limitations expired on December 14, 2012, which means that the Petition filed on April 9, 2014 is 481 days late. Petitioner makes no claim that the Court should apply the "actual innocence gateway" to excuse the untimeliness of the Petition.[9]

## IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny

---

[8] It appears that Petitioner was aware of AEDPA's statute of limitations, but miscalculated its expiration date. In the Petition, Petitioner states that the "last decision from the state [was] on October 13, 2013. This is well within the one year timeline set by the AEDPA." (Doc. 1 at 16).

[9] In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

- 10 -

1 and dismiss with prejudice the Petition on the basis that it is time-barred.

2   Accordingly,

3   **IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

5   **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

8   This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 31st day of August, 2015.

_____
Eileen S. Willett
United States Magistrate Judge