NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noelle Susanne Widder,<br><br>        Plaintiff,<br><br>v.<br><br>Charles Ryan, *et al.*,<br><br>        Defendants. | No. CV-14-00739-PHX-JJT<br><br>**ORDER** |

    Before the Court is the Report and Recommendation of United States Magistrate Judge Eileen S. Willett (Doc. 17) ("R & R") recommending that the Court deny and dismiss with prejudice Petitioner Noelle Widder's Petition for Writ of Habeas Corpus (Doc. 1). No objection to the R & R has been filed and the time to so file has expired.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). But where a party fails to object, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of

review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz.2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, in this matter the Court may accept the recommendation without review. Even on a *de novo* review of Judge Willett's Cobb's R & R, however, the Court finds good cause to adopt it here.

Petitioner's judgment became final, at the very latest, at the conclusion of direct review of her conviction. 28 U.S.C. § 2244(d)(1)(A). Under Arizona law, where a defendant was convicted by plea rather than at trial, that direct review is provided in the form of an "of-right" petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Because Petitioner was resentenced in the underlying criminal matter after her first Rule 32 proceeding, she was entitled to a second Rule 32 "of-right" proceeding. *State v. Cleere*, 138 P.3d 1181, 1184 n.2 (Ariz. Ct. App. 2006) ("Although this review relates to Cleere's second Rule 32 petition, that petition was "of right" because it followed a conviction pursuant to a plea agreement and the trial court's resentencing. *See* Ariz. R. Crim. P. 32.1.") It was therefore upon the conclusion of her second Rule 32 proceeding that Petitioner's conviction became final for purposes of AEDPA and its one-year statute of limitation began to run. *Summers v. Schriro*, 481 F.3d 710, 711, 716–17 (9th Cir. 2007).

The state trial court denied relief on Petitioner's second Rule 32 of-right PCR notice no later than November 9, 2011. Petitioner thereafter had 35 days, or until December 14, 2011, to seek review of that denial in the Arizona Court of Appeals. She did not do so, and so her conviction became final on December 15, 2011 for purposes of AEDPA. Petitioner therefore had until no later than December 14, 2012 to file her petition for habeas review. She did not file her petition until April 9, 2014. The Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214. Accordingly,

IT IS ORDERED adopting Magistrate Judge Willett's R&R (Doc. 17) in its entirety and incorporating same into this Order.

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plane procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 26th day of October, 2015.

_____
Honorable John J. Tuchi
United States District Judge